NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001004
30-APR-2014
08:32 AM

CAAP-12-0001004

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JEANNE L. BALOG, Plaintiff-Appellee,
v.
CRYSTAL A. WAKITA, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CIVIL NO. 3RC11-1-839)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)


In this landlord-tenant dispute, Defendant-Appellant
Crystal A. Wakita (Wakita), appeals *pro se* from the Judgment
entered by the District Court of the Third Circuit (District
Court)[1] on October 19, 2012.  We affirm.

I.

Plaintiff-Appellee Jeanne L. Balog (Balog), as the
landlord, and Wakita, as the tenant, entered into an agreement
for the rental (Rental Agreement) of a residential premises
(Premises) which commenced on July 15, 2010.  Wakita received
financial assistance to pay a portion of her rent from the Office
of Housing and Community Development (County Housing) pursuant to
a program commonly known as "Section 8."  In about April 2011,
Wakita became delinquent in her payment of rent.  In response to

---

[1] The Honorable Barbara T. Takase presided.

Balog's demands for payment, Wakita notified Balog of complaints she had regarding the Premises. County Housing intervened in the dispute, and Balog and Wakita signed a mutual termination agreement which acknowledged that the Rental Agreement would terminate on June 30, 2011. County Housing assistance payments ended on July 1, 2011.

Wakita did not vacate the Premises on June 30, 2011. Wakita did not pay her portion of the rent for June 2011 and did not pay rent for July and August 2011.

On August 3, 2011, Balog filed a complaint seeking possession of the Premises, unpaid rent, damages, and attorney's fees. Wakita was served with the complaint and entered a general denial. On August 24, 2011, the District Court established a rent trust fund. The District Court ordered Wakita to pay $1,300 into the rent trust fund by the second business day of each month, and it further ordered that a writ of possession and judgment for possession would be issued forthwith if Wakita failed to timely deposit the required payment into the rent trust fund. On December 9, 2011, the District Court issued a Writ of Possession and Judgment for Possession in favor of Balog based on Wakita's failure to comply with the rent trust fund order, and Wakita was evicted from the Premises. On December 12, 2011, Wakita filed a counterclaim, which sought judgment against Balog for $500,000.

The District Court held a trial on Balog's complaint (except for the claim for possession which had been resolved) and Wakita's counterclaim. The District Court found in favor of Balog and against Wakita on Balog's complaint and Wakita's counterclaim. On October 8, 2012, the District Court entered its "Findings of Fact and Conclusions of Law" and its Judgment in favor of Balog and against Wakita in the total amount of $18,136.61, after crediting Wakita with $650.00 for her security deposit.

II.

On appeal, Wakita contends that: (1) the District Court erred in determining that she entered into a rental agreement with a one-year term, and instead should have applied rules applicable to a month-to-month tenancy; (2) this error caused the District Court to improperly impose rental obligations on her as a holdover tenant; (3) because Balog failed to prepare a written inventory of the Premises prior to Wakita's initial occupancy, the District Court erred in finding Wakita responsible for damages to the Premises; (4) the District Court erred in applying Wakita's security deposit towards the amounts it determined she owed to Balog; and (5) the District Court erred in rejecting Wakita's claim that Balog owed her money for repairs and cleaning Wakita had done with respect to the Premises.

We note that Wakita's *pro se* opening brief is seriously deficient. It fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) (2010) in numerous respects, including that it: fails to contain "[a] concise statement of the points of error set forth in separately numbered paragraphs"; fails to state "where in the record the alleged error occurred"; fails to state, "when the point involves a finding or conclusion of the court . . . , either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions"; and fails to contain a section on the standard of review.

Even if we were to overlook these deficiencies in Wakita's opening brief, because her appeal essentially challenges the findings and conclusions made by the District Court after presiding over her trial, we cannot overlook Wakita's failure to make the trial transcripts part of the record on appeal.

The appellant has the burden of providing the appellate court with a sufficient record on appeal to address the issues raised. Bettencourt v. Bettencourt, 80 Hawai'i 225, 230-231, 909 P.2d 553, 558-559 (1995). HRAP Rule 10 (2012) imposes an obligation on the appellant to order transcripts of oral

3

proceedings before the trial court when the appellant "desires to raise any point on appeal that requires consideration of [such] oral proceedings[.]" HRAP Rule 10(b)(1)(A); see Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558. The Hawai'i Supreme Court has also specifically stated:

> When an appellant desires to raise any point on appeal that requires the consideration of the oral proceedings before the court appealed from, the appellant bears the burden to show error by reference to matters in the record, and he or she has the responsibility of providing the relevant transcript.

State v. Hoang, 93 Hawai'i 333, 334, 3 P.3d 499, 500 (2000).

Without the trial transcripts, Wakita cannot show that the District Court erred in its findings of fact.[2] Because the District Court's findings of fact support its conclusions of law, and because Wakita fails to demonstrate that the District Court misapplied the law, we affirm the District Court's Judgment. SGM Partnership v. Nelson, 5 Haw. App. 526, 529, 705 P.2d 49, 52 (1985) (determining that "[a] conclusion of law which is supported by the trial court's findings of fact and which reflects an application of the correct rule of law will not be overturned" on appeal).

III.

A.

Wakita contends that the District Court erred in determining that she entered into a rental agreement with a one-year term, and instead should have applied rules applicable to a month-to-month tenancy. Wakita's claim is apparently based on the fact that the Rental Agreement on its first page incorrectly identifies the address of the Premises as a Noe Street address, which is Balog's residence address, instead of the Ainaola Drive address for the Premises. However, Wakita does not dispute that she knew the correct address for the Premises or that the correct

---

[2] We also note that Wakita does not specifically challenge any of the District Court's findings of fact, and "unchallenged factual findings are deemed to be binding on appeal[.]" Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 459, 40 P.3d 73, 82 (2002).

4

address for the Premises appears under her signature on the Rental Agreement. More importantly, the District Court made the following factual findings:

1. [Balog], as Landlord, entered into that certain Hawaii Residential Lease Agreement (the "Rental Agreement") dated June 13, 2010 with [Wakita], as Tenant, for the rental of premises located at [an Ainaola Drive address] (the "Premises").

2. The term of the Rental Agreement was for a period of one year, commencing on July 15, 2010 and terminating on June 30, 2011.

Without the trial transcripts, this Court has no basis for disputing the District Court's factual findings. Based on the District Court's factual findings, we reject Wakita's claim that the District Court erred in determining that she entered into a rental agreement with a one-year term, instead of a month-to-month tenancy.

B.

Wakita's claim that the District Court improperly imposed rental obligations on her as a holdover tenant is premised on her contention that she was a month-to-month tenant. Wakita contends that the notice of termination she received from Balog was insufficient to terminate the tenancy of a month-to-month tenant on June 30, 2011. Because the premise for Wakita's claim is refuted by the District Court's factual findings that Wakita had entered into a one-year lease that terminated on June 30, 2011, and because Wakita cannot show that those findings are erroneous, we reject her claim. We conclude that Wakita fails to show that the District Court erred in imposing rental obligations on her as a holdover tenant.

C.

Wakita contends that because Balog failed to prepare a written inventory of the Premises prior to Wakita's initial occupancy, the District Court erred in finding her responsible for damages to the Premises that were discovered after she vacated the premises. Wakita relies on Hawaii Revised Statutes (HRS) § 521-42(a) (2006), which provides that if the landlord,

5

prior to the initial date of occupancy, fails to prepare a written inventory detailing the condition of the premises and any furnishings or appliances provided, upon the termination of the tenancy, the condition of the premises and such furnishings or appliances "shall be rebuttably presumed to be the same as when the tenant first occupied the premises."

However the presumption set forth in HRS § 521-42(a) is not conclusive; it may be rebutted by contrary evidence. The District Court found that County Housing had inspected the Premises on July 14, 2010 (prior to the commencement of Wakita's occupancy) "at which time the Premises passed inspection"; that "[t]his pre-occupancy inspection did not identify any damage to doors, holes in the drywall, mildew or mold on the Premises, missing or broken toilet seats or shower rods, broken medicine cabinets, broken windows or screens, stains on the carpet, [or] rats in the Premises"; and that an inspection conducted after Wakita vacated the Premises revealed damages to the Premises, including "four broken doors, three missing towel bars, holes in the drywall, a broken medicine cabinet, missing light and doorbell covers and stain in the carpet."

We have no basis for disputing these findings. Even assuming that Balog failed to prepare the written inventory required by HRS § 521-42(a) and that the rebuttable presumption set forth in the statute applied, we cannot conclude that the evidence presented at trial was insufficient to rebut the presumption. Wakita therefore failed to show that the District Court erred in finding her responsible for damages to the Premises that were discovered after she vacated the Premises.

D.

Wakita argues that the District Court erred in applying her security deposit towards the amounts it determined she owed to Balog. Wakita relies on HRS § 521-44(c) (2006), which generally provides that a landlord shall not be entitled to retain any portion of a security deposit unless the landlord provides a tenant with written notice, not later than fourteen

6

days after termination of the rental agreement, of the landlord's intent to retain any amount of the security deposit.

However, without the trial transcripts, we cannot determine whether Balog failed to comply with HRS § 521-44(c).[3/] In addition, Wakita cites no authority to support a claim that a landlord's failure to comply with the requirements of HRS § 521-44(c) would preclude the District Court from applying a tenant's security deposit as a credit against amounts the District Court determined were owed to the landlord after a trial. We conclude that Wakita failed to show that the District Court erred in applying her security deposit towards the amounts she owed to Balog.

E.

Wakita argues that the District Court erred in rejecting her claim that Balog owed Wakita money for repairs and cleaning Wakita had done regarding the Premises. Without the trial transcripts, Wakita cannot demonstrate that the District Court erred.

IV.

Based on the foregoing, we affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, April 30, 2014.

On the briefs:

Crystal A. Wakita
Defendant-Appellant pro se

Robert D. Triantos
Edmund W. K. Haitsuka
(Carlsmith Ball LLP)
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Lawrence M Reifurth*
Associate Judge

*Jam uh Ang*
Associate Judge

---

[3/] Balog asserts in her answering brief that "[t]here is no evidence in the record before this Court that [Balog] did not furnish the written security deposit notice to [Wakita] within fourteen days after the Rental Agreement was terminated on June 20, 2011."

7